**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **PATRICIA D. HARMON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-25-129-GLJ** |
| | ) | |
| **FRANK BISIGNANO,**[1] | ) | |
| **Commissioner of the Social** | ) | |
| **Security Administration,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## OPINION AND ORDER

Claimant Patricia D. Harmon requests judicial review of a denial of benefits by the Commissioner of the Social Security Administration pursuant to 42 U.S.C. § 405(g). She appeals the Commissioner's decision and asserts that the Administrative Law Judge ("ALJ") erred in determining she was not disabled. For the reasons discussed below, the Commissioner's decision is hereby AFFIRMED.

### Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment[.]" 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if h[er] physical or mental impairment or impairments are of such severity that

[1] On May 7, 2025, Frank Bisignano became the Commissioner of Social Security. In accordance with Fed. R. Civ. P. 25(d), Mr. Bisignano is substituted for Leland Dudek as the Defendant in this action.

[s]he is not only unable to do h[er] previous work but cannot, considering h[er] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy[.]" *Id.* § 423 (d)(2)(A). Social security regulations implement a five-step sequential process to evaluate a disability claim. *See* 20 C.F.R. §§ 404.1520, 416.920.[2]

Section 405(g) limits the scope of judicial review of the Commissioner's decision to two inquiries: whether the decision was supported by substantial evidence and whether correct legal standards were applied. *See Hawkins v. Chater*, 113 F.3d 1162, 1164 (10th Cir. 1997). Substantial evidence is "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *see also Clifton v. Chater*, 79 F.3d 1007, 1009 (10th Cir. 1996). The Court may not reweigh the evidence or substitute its discretion for the Commissioner's. *See Casias v. Secretary of Health & Human Services*, 933 F.2d 799, 800

[2] Step one requires the claimant to establish that she is not engaged in substantial gainful activity. Step two requires the claimant to establish that she has a medically severe impairment (or combination of impairments) that significantly limits her ability to do basic work activities. If the claimant *is* engaged in substantial gainful activity, or her impairment *is not* medically severe, disability benefits are denied. If she *does* have a medically severe impairment, it is measured at step three against the listed impairments in 20 C.F.R. Part 404, Subpt. P, App. 1. If the claimant has a listed (or "medically equivalent") impairment, she is regarded as disabled and awarded benefits without further inquiry. Otherwise, the evaluation proceeds to step four, where the claimant must show that she lacks the residual functional capacity ("RFC") to return to her past relevant work. At step five, the burden shifts to the Commissioner to show there is significant work in the national economy that the claimant *can* perform, given her age, education, work experience, and RFC. Disability benefits are denied if the claimant can return to any of her past relevant work or if her RFC does not preclude alternative work. *See generally Williams v. Bowen*, 844 F.2d 748, 750-751 (10th Cir. 1988).

(10th Cir. 1991). But the Court must review the record as a whole, and "[t]he substantiality of evidence must take into account whatever in the record fairly detracts from its weight." *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951). *See also Casias*, 933 F.2d at 800-01.

**Claimant's Background**

Claimant was fifty-two years old at the time of the most recent administrative hearing. (Tr. 40, 331). She completed an undergraduate college education, and has worked as an accountant and tax accountant. (Tr. 31, 398). Claimant alleges she has been unable to work since an amended alleged onset date of June 23, 2020, due to a herniated disc with lumbar and spinal stenosis, failed laser surgery with instability and scar tissue, herniated disc on the cervical spine and four herniated discs on the cervical spine, as well as being at too high risk for surgery. (Tr. 397).

**Procedural History**

On June 14, 2021, Claimant filed an application for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401-434. Her application was denied. ALJ Sherry Schallner held an administrative hearing and determined that Claimant was not disabled in a written decision dated May 3, 2023. (Tr. 137-154). The Appeals Council remanded the case to an ALJ on November 3, 2022, finding ALJ Schallner failed to discuss certain nonmedical statements, clarify what "less than the full range of light work" entailed, and failed to make appropriate supportability and consistency findings. On remand, ALJ Bill Jones held a second administrative hearing and determined again that Claimant was not disabled in a written decision dated February 8, 2024. (Tr. 17-31). The

Appeals Council then denied review, so ALJ Jones's decision represents the Commissioner's final decision for purposes of this appeal. *See* 20 C.F.R. § 404.981.

**Decision of the Administrative Law Judge**

The ALJ made his decision at step five of the sequential evaluation. At step two, the ALJ found that Claimant had the severe impairments of degenerative disc disease of the cervical and lumbar spine, carpal tunnel syndrome, obesity, obstructive sleep apnea, and status post left posterior tibial tendon reconstruction with decreased range of motion in left ankle, as well as the nonsevere impairments of depression, migraine, and headaches. (Tr. 20-21). Next, he found that Claimant's impairments did not meet a listing, despite considering Listing 1.15 for disorders of the skeletal spine. (Tr. 22). At step four, he found that Claimant retained the residual functional capacity ("RFC") to perform sedentary work as defined in 20 C.F.R. § 404.1567(a), *i.e.*, except that she could only frequently handle and finger bilaterally; only occasionally climb ramps/stairs, balance, stoop kneel, crouch, and crawl; never climb ladders/ropes/scaffolds; and she must avoid concentrated exposure to fumes, odors, dusts, gases, and poor ventilation. (Tr. 22). The ALJ then determined that Claimant was able to return to her past relevant work as an accountant. (Tr. 31).

**Review**

Claimant contends the assigned RFC and step four findings were deficient, and the ALJ failed to properly form an analysis at step 3. The Court disagrees, and the decision of the Commissioner should therefore be affirmed.

In his written opinion at step two, the ALJ found Claimant had only mild impairments in all four areas of mental functioning. (Tr. 20-21). At step 3, the ALJ

considered whether Claimant met Listing 1.15, but found that no treating or examining physician had made findings equivalent in severity to that listing's criteria, or medical findings the same or equivalent to those of any listed impairment. (Tr. 22). At step four, the ALJ thoroughly summarized Claimant's hearing testimony, the Third Party Function Reports, and the voluminous medical evidence in the record. (Tr. 23-30). The ALJ then explained that Claimant was limited to less than the full range of sedentary work. (Tr. 30-31). The ALJ ultimately concluded Claimant was not disabled because she could return to her past relevant work. (Tr. 31).

Step 3 Listing. Claimant contends that a "valid consideration of her combination of impairments would have been medically equivalent to meeting one (1) of the SSA Listings in total." Docket No. 14, p. 11. Claimant asserts without support from evidence in the record[3] or case law that both Claimant's mental health and physical health met the majority of symptom criteria, but she identifies no listing for which the Court can compare the evidence to the criteria.

The Listing of Impairments ("the Listings") contains a description for each major body system impairment considered "severe enough to prevent an individual from doing

[3] Claimant's motion contains some description of the evidence and testimony in the record, but she attached an exhibit over 10 pages in length, single-spaced, containing a more in-depth recitation of the medical evidence in the record. This appears to be an attempt to avoid compliance with Loc. Civ. R. 7.1(c), which limits briefs to no more than twenty-five pages, and requires an indexed Table of Contents and Table of Authorities for briefs over fifteen pages in length. As other courts have done, the undersigned Magistrate Judge "regards the inclusion of this exhibit as an inappropriate means of avoiding the page limit[;] as a result, [Plaintiffs'] exhibit has not been considered." *Collectable Promotional Prods., Inc. v. Disney Enters., Inc.*, 2009 WL 1543449, at *1 n.1 (W.D. Okla. June 2, 2009). The appropriate place for substantive argument is in the briefing itself, nor do these appeals require a detailed description of every medical record provided on appeal.

any gainful activity, regardless of his or her age, education, or work experience." 20 C.F.R. § 404.1525(a). Although the claimant bears the burden of proof at step three to establish that she meets or equals the requirements for a listed impairment, *see Fischer–Ross v. Barnhart*, 431 F.3d 729, 733 (10th Cir. 2005), the ALJ's responsibilities at step three of the sequential analysis require him to determine "whether the claimant's impairment is equivalent to one of a number of listed impairments that . . . [are] so severe as to preclude substantial gainful activity." *Clifton*, 79 F.3d at 1009 [quotation omitted]. *Clifton* requires the ALJ to discuss the evidence and explain why a claimant was not disabled at step three. *Id.* (citing *citing Cook v. Heckler*, 783 F.2d 1168, 1172-1173 (4th Cir. 1986)). In this case, the ALJ found that the claimant's impairments did not meet or equal any listing. In making this determination, the ALJ applied Listing 1.15 for disorders of the skeletal spine. (Tr. 22).

Claimant argues that she is disabled based on an unspecified medical equivalence to a listing.

> To demonstrate the required support of a finding that an individual is disabled based on medical equivalence at step 3, the record must contain one of the following:
> 1. A prior administrative medical finding from an [medical consultant or psychological consultant] from the initial or reconsideration adjudication levels supporting the medical equivalence finding, or
> 2. [Medical expert] evidence, which may include testimony or written responses to interrogatories, obtained at the hearings level supporting the medical equivalence finding, or
> 3. A report from the [Appeals Council's] medical support staff supporting the medical equivalence finding.

*Soc. Sec. Ruling 17-2p*, 2017 WL 3928306, at *3 (Mar. 27, 2017). Claimant provides support for none of these factors. Claimant thus fails to meet her burden to establish that

she meets or medically equals a particular Listing, and points to no specific evidence that the ALJ failed to account for.

RFC. Claimant also contends the ALJ erred in assessing her RFC in relation to the medical evidence because she cannot perform the RFC of sedentary work with some limitations. An RFC has been defined as "what an individual can still do despite his or her limitations." Soc. Sec. R. 96-8p, 1996 WL 374184, at *2 (July 2, 1996). It is "an administrative assessment of the extent to which an individual's medically determinable impairment(s), including any related symptoms, such as pain, may cause physical or mental limitations or restrictions that may affect his or her capacity to do work-related physical and mental activities." *Id.* This includes a discussion of the "nature and extent of" a claimant's physical limitations including "sitting, standing, walking, lifting, carrying, pushing, pulling, or other physical functions (including manipulative or postural functions, such as reaching, handling, stooping, or crouching)." 20 C.F.R. §§ 404.1545(b), 416.945(b). Further, this assessment requires the ALJ to make findings on "an individual's ability to do sustained work-related physical and mental activities in a work setting on a regular and continuing basis[,]" and to "describe the maximum amount of each work-related activity the individual can perform based on the evidence available in the case record." Soc. Sec. R. 96-8p, 1996 WL 374184, at *1, 7. Here, the ALJ has fulfilled his duty.

Claimant raises no direct challenge to the ALJ's step four findings. She summarizes the evidence in the record, then states, "The above medical findings, Plaintiff testimony, and VE testimony clearly indicate that Light exertional employment, or above, is not an

option, as well as Plaintiff having multiple issues impacting her mental health that impact her functionality and would ultimately impact any work she produces." Docket No. 14, p. 10. She then concludes, "Plaintiff's medical records contain substantial evidence of her disability, and [vocational expert] testimony confirmed that impacts from such health issues would be work preclusive." *Id*. Claimant points to no evidence the ALJ failed to discuss, nor does she allege the ALJ failed to properly describe the evidence in the record, and the Court finds the ALJ discussed all the evidence in the record, including the objective findings and his reasons for reaching the RFC. *Hill v. Astrue*, 289 Fed. Appx. 289, 293 (10th Cir. 2008) ("The ALJ provided an extensive discussion of the medical record and the testimony in support of his RFC finding. We do not require an ALJ to point to 'specific, affirmative, medical evidence on the record as to each requirement of an exertional work level before [he] can determine RFC within that category.'") (quoting *Howard v. Barnhart*, 379 F.3d 945, 949 (10th Cir. 2004)). Furthermore, Claimant points to no medical documentation providing further limitations. Because she points to no evidence other than her own assertions, the Court declines to find an error here. *Cf. Garcia v. Astrue*, 2012 WL 4754919, at *8 (W.D. Okla. Aug. 29, 2012) ("Plaintiff's mere suggestion that a 'slow' gait might adversely affect his ability to perform the standing and walking requirements of light work is not supported by any authority."). Essentially, Claimant asks the Court to reweigh the evidence in her favor, which the Court cannot do. *See Qualls v. Apfel*, 206 F.3d 1368, 1371 (10th Cir. 2000) ("In conducting our review, we may neither reweigh the evidence nor substitute our judgment for that of the Commissioner.") (citing *Casias*, 933 F.3d at 800).

The ALJ noted the medical records available in this case, gave reasons for his RFC determination, and ultimately found that Claimant was not disabled. This was "well within the province of the ALJ." *Corber v. Massanari*, 20 Fed. Appx. 816, 822 (10th Cir. 2001) ("The final responsibility for determining RFC rests with the Commissioner, and because the assessment is made based upon all the evidence in the record, not only the relevant medical evidence, it is well within the province of the ALJ.") (citing 20 C.F.R. §§ 404.1527(e)(2); 404.1546; 404.1545; 416.946). Accordingly, the decision of the Commissioner should be affirmed.

**Conclusion**

In summary, the Court finds that correct legal standards were applied by the ALJ, and the decision of the Commissioner is therefore supported by substantial evidence. The decision of the Commissioner of the Social Security Administration is accordingly hereby AFFIRMED.

**DATED** this 22nd day of September, 2026.

**GERALD L. JACKSON**
**UNITED STATES MAGISTRATE JUDGE**